IN THE CIRCUIT COURT OF THE
4ᵀᴴ JUDICIAL CIRCUIT DUVAL COUNTY,
STATE OF FLORIDA

MONA RINNANDER,

        **Plaintiff,**

-vs-                                    Case No.
                                          HON.

CENTRAL CREDIT SERVICE, INC.,

        **Defendant.**
_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **MONA RINNANDER** (Plaintiff) by and through counsel, brings this action

against the above listed Defendant, **CENTRAL CREDIT SERVICE, INC.,** (Defendant) on the

grounds and in the amounts set forth herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, and seeks actual damages,

punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of the City of Littleton, County of Jefferson, State of Colorado, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector located in the State of Florida with the actions in this case taking place at the Defendant's address located in Duval County, Florida.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means in an attempt to collect a debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained;

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff has received numerous phone calls from Defendant representatives at work and at home in regards to the collection of an alleged debt.

19

Plaintiff repeatedly asked Defendant to stop calling her at work and Defendant continues to call Plaintiff at work every day.

20.

Defendant representatives even told Plaintiff's boss that she owes this alleged debt and told him the amount of the alleged debt.

21.

In its conversations with Plaintiff, Defendant has failed to identify themselves.

22.

Plaintiff has not received anything in writing from Defendant, in violation of the FDCPA.

23.

Defendant representative have called Plaintiff before 8:00 a.m. and after 9:00 p.m. in an effort to collect on this alleged debt.

24.

Defendant representatives have also threatened Plaintiff with a lawsuit and to date, no such lawsuit has been filed.

25.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

26.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff.

27.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

28.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer.

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a) by not providing the Plaintiff with a written notice within five days after the initial communication.

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or should be known to be inconvenient to the consumer, including calling the consumer before 8:00 a.m. and after 9:00 p.m.

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment after the consumer repeatedly asked them to stop calling her there.

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(b) by communicating with any person other than the consumer in the connection with the collection of any debt.

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(2) by communicating with any person other than the consumer and stating that the consumer owes a debt.

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

39.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

40.

Defendant has violated 559.72 (4) by communicating or threatening to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.

41.

Defendant has violated 559.72 (5) by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

42.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt.

43.

Defendant has violated 559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

44.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents.

45.

Defendant has violated 559.72 (17) by communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

46.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

47.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

48.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 2nd day of August, 2007.

Respectfully submitted,

BRIAN P. PARKER (P48617)
Attorney for Plaintiff